HURWITZ, Circuit Judge,
with whom BEA, Circuit Judge, joins, concurring:
I concur in the memorandum disposition, but write separately to identify what I find the most compelling reason to vacate the preliminary injunction.
“On a § 10(j) petition, likelihood of success is a function of the probability that the Board will issue an order determining that the unfair labor practices alleged by the Regional Director occurred and that this Court would grant a petition enforcing thát order, if such enforcement were sought.” Frankl v. HTH Corp., 650 F.3d 1334, 1355 (9th Cir.2011) (citation omitted).
The district court concluded that the Director was likely to succeed in establishing that GRS’s economic justification for closing the Tucson facility was. a pretext and that the closure had in fact been motivated by anti-union animus. This case arrived at the district court after an administrative law judge (“ALJ”) held a hearing on the merits of the Director’s claims, but before the ALJ made findings of fact or conclusions of law. Thus, the district judge made his findings on the basis of the transcript of the administrative hearing. We now have the benefit of the'ALJ’s findings, and we may take judicial notice of them and treat them as part of the record on appeal. See Small v. Avanti Health Sys., LLC, 661 F.3d 1180, 1186 (9th Cir.2011); Bloedorn v. Francisco Foods, Inc., 276 F.3d 270, 288 (7th Cir.2001).
The ALJ found that GRS’s economic justification for closing the Tucson facility was not a pretext. We must determine today whether a decision by the Board that the Tucson closing was an unfair labor practice would be enforced by this Court in light of the ALJ’s findings. “[A] reviewing court will review more critically the Board’s findings of fact if they are contrary to the administrative law judge’s factual conclusions.” Penasquitos Vill., Inc. v. NLRB, 565 F.2d 1074, 1078 (9th Cir.1977) (citation omitted). This is particularly true where, as here, the ALJ’s findings are based on credibility determinations. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 496-97, 71 S.Ct. 456, 95 L.Ed. 456 (1951).
The linchpin of the reopening order was the district court’s conclusion, on the paper record before it, that GRS likely acted out of anti-union animus in closing the Tucson facility. Whatever the merits of the district court’s decision when made, it cannot stand in light of the ALJ’s findings. I therefore agree that the preliminary injunction should be vacated.